**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **RESOURCE STRATEGIES, III, LLC and** ) | |
| **AMERICAN NATIONAL INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 1:26-00012-KD-N** |
| ) | |
| **MONCLA WORKOVER & DRILLING** ) | |
| **OPERATIONS, LLC, and** ) | |
| **EASTERN ENERGY SERVICES, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This action is before the Court on the Motion to Transfer for Reference to the Bankruptcy Court, or in the alternative, to Refer and Stay this Action, (Doc. 9), filed by Defendant Moncla Workover & Drilling Operations, LLC ("Moncla") and joined by Defendant Eastern Energy Services, Inc. ("Eastern") (collectively, "Defendants"); the response, (Doc. 20), filed by Plaintiffs Resource Strategies III, LLC ("Resource Strategies") and American National Insurance Company ("American National") (collectively, "Plaintiffs"); Moncla's reply, (Doc. 23); and Plaintiffs' sur-reply, (Doc. 26-1).

Upon consideration, and for the reasons below, the motion is **HELD in ABEYANCE**, and this action is **STAYED until May 29, 2026**. Because Moncla's response exceeds the page limit and contains arguments raised for the first time, Plaintiffs' motion for leave to file sur-reply, (Doc. 26), is **GRANTED**. The attached sur-reply, (Doc. 26-1), is deemed the operative sur-reply. On the other hand, Moncla's request that the Court grant leave nunc pro tunc to exceed its page limit on reply, (Doc. 31), is **GRANTED**.

1

## I.    Facts

This litigation arises from a January 1, 2024, incident that occurred during the workover of the Booth 36-14 #1 Well (the "Booth Well") located in Escambia County, Alabama. (Doc. 1-1 at 10). All operational and administrative aspects of the Booth Well are controlled by the Joint Operating Agreement ("Booth JOA"). (Doc. 20-1). The Booth JOA provides that working interest owners share in all production of oil and gas from the well in proportion to their interests and are responsible for paying the same percentage of all costs and expenses to operate the well. (Id. at 5). Plaintiffs owned a combined 32.709787% gross working interest in the Booth Well. (Doc. 1-1 at 10). The majority working interest owner in the Booth Well is Escambia Asset Company, LLC ("Escambia Asset"), and the Operator of the Booth Well is Escambia Operating Company, LLC ("Escambia Operating") (collectively, "Escambia Companies").

### 1.    Escambia Companies file petitions for bankruptcy

In April 2023, the Escambia Companies filed petitions for chapter 11 bankruptcy relief in the Bankruptcy Court for the Southern District of Mississippi (the "Bankruptcy Court"). See In re Escambia Operating Company, LLC and Escambia Asset Company, LLC et al., Case No. 23-50491 (the "Bankruptcy Case"). In October 2023, Drew McManigle was appointed as Chapter 11 Trustee for the Escambia Companies.

### 2.    The Booth Well Incident

In December 2023, the Trustee for Escambia Operating hired Moncla to perform workover services on the Booth Well, and Eastern provided equipment and a supervisor to assist with fishing operations associated with the workover operation. (Doc. 1-1 at 5). This workover operation was funded, in part, by Plaintiffs. (Id.). On January 1, 2024, approximately 1,000 feet of pipe was

dropped into the Booth Well, rendering it completely inoperable (the "Booth Well Incident"). (Id. at 5, 7).

### 3. Trustee for Escambia Companies files lawsuit against Moncla

In August 2024, the appointed Trustee filed a complaint in this Court against Moncla alleging negligence and negligent supervision arising out of the Booth Well Incident. See Drew McManigle, as Chapter 11 Trustee of Escambia Operating Company, LLC and Escambia Asset Company, LLC v. Moncla Workover & Drilling Operations, LLC, No. 1:24-cv-00295 (S.D. Ala.) ("Escambia Litigation"). Moncla then filed a third-party claim asserting that Eastern is responsible for the Booth Well Incident. (Case No. 24-00295-KD-N, Doc. 13).[1] The Trustee's amended complaint also alleged a breach of contract claim and stated that the "Trustee has the exclusive standing and capacity, among other things, to prosecute, settle, dismiss, abandon, or otherwise dispose of the assets of the bankruptcy estate, including, without limitation, the claims and causes of action asserted in this First Amended Complaint." (Case No. 24-00295-KD-N, Doc. 26 at 2, 4).

Moncla later moved to transfer the Escambia Litigation to the Southern District of Mississippi in order to refer the case to the Bankruptcy Court for the Southern District of Mississippi where the Bankruptcy Case is currently pending. (Case No. 24-00295-KD-N, Doc. 12). The motion to transfer was denied because Moncla failed to meet its burden of showing that a transfer was warranted under 28 U.S.C. § 1412. (Case No. 24-00295-KD-N, Doc. 39).

### 4. A contingent settlement is reached in Escambia Litigation

On December 11, 2025, the mediator of the Escambia Litigation reported that the parties reached an agreement to settle that is contingent on the approval of the Bankruptcy Court. (Case

---

[1] Moncla also filed a third-party claim against WLS Incorporated but later filed a notice of voluntary dismissal as to WLS Incorporated. (Case No. 24-00295-KD-N, Docs. 13, 32).

No. 24-00295-KD-N, Doc. 98). The Court ordered the parties to file a joint status report by March 12, 2026. (Case No. 24-00295-KD-N, Doc. 100). The Court also ordered the substitution of Dwayne M. Murray as Chapter 7 Trustee, in place of Drew McManigle, as former Chapter 11 Trustee. (Case No. 24-00295-KD-N, Doc. 102).

### 5. Plaintiffs file the present lawsuit against Moncla and Eastern

On December 23, 2025, Plaintiffs filed this action against Moncla and Eastern in Escambia County, Alabama asserting claims of negligence and negligent supervision arising from the Booth Well workover. (Doc. 1-1). Plaintiffs contend that the lawsuit was filed "after months of attempting to interact with Mr. McManigle concerning ownership of claims concerning the Booth Well, and within a few days of the expiration of the applicable statute of limitations." (Doc. 20). Moncla timely removed, and Moncla now moves to transfer this action to the Southern District of Mississippi for reference to the Bankruptcy Court for the Southern District of Mississippi. (Doc. 9).

### 6. Parties in Escambia Litigation file their joint status report

On March 12, 2026, the parties in the Escambia Litigation filed a joint report explaining that they remain committed to finalizing the settlement, but the parties requested extra time to resolve outstanding issues. (Case No. 24-00295-KD-N, Doc. 104). Specifically, the parties reported that Resource Strategies and American National "filed a state court lawsuit . . . against Moncla and Eastern making essentially the same allegations as the former chapter 11 trustee made in this case." (Id. at 2). The parties indicated that in response to this "Post-Settlement Litigation, the former chapter 11 trustee filed an emergency motion to enforce the automatic stay and to award sanctions against Resource Strategies and American National." (Id.). Also, the parties indicated that the former chapter 11 trustee filed a motion in the Bankruptcy Court seeking approval of the

4

Settlement Agreement, which imposes certain conditions precedent to account for the Post-Settlement Litigation. (Id. at 3).

Specifically, the emergency motion in the bankruptcy case contends that Plaintiffs' filing of the present lawsuit "was a violation of the automatic stay of section 362(a) of the Bankruptcy Code as it asserted post-petition claims that belong exclusively to the Trustee." (Bankruptcy Case, Dkt. 930 at 3). The motion to approve the settlement agreement ("Rule 9019 Motion") contends, in part, that Plaintiffs "jeopardized the settlement of [the Bankruptcy Case] and the effort to reach a consensual plan of reorganization by filing" the present lawsuit. (Bankruptcy Case, Dkt. 997 at 2). To address the potential liability faced by Moncla and Eastern from the present litigation, the negotiated settlement contains conditions precedent,

> at least one of which must be satisfied as a condition to the effectiveness of the Proposed Settlement: (i) Resource Strategies and American National agree to dismiss the Post-Settlement Litigation with prejudice and provide releases to Moncla and Eastern similar to those the Trustee has agreed to provide or (ii) a final order is issued that (A) enjoins, by enforcement of the automatic stay otherwise, the pursuit of any and all claims arising from the Incident against the releasees, including the claims made by Resource Strategies and American National in the Post-Settlement Litigation and (B) determines that the Trustee is entitled to fully and finally settle and release all claims arising from the Incident that could be asserted by any party, including but not limited to any claims asserted by Resource Strategies and American National. In connection with the second option, the Proposed Settlement also requires that the Post-Settlement Litigation is dismissed with prejudice.

(Bankruptcy Case, Dkt. 997 at 11–12). The Bankruptcy Court has not adjudicated either motion. A status conference to discuss the Rule 9019 Motion is set for March 31, 2026. (Bankruptcy Case, Dkt. 1008).

## II.    Analysis

Moncla moves the Court for a transfer of venue pursuant to 28 U.S.C. § 1412, or alternatively, for a stay of this action pending the Bankruptcy Court's determination of the emergency motion to

enforce the automatic stay and the Rule 9019 Motion. (Doc. 23 at 24).[2] "A variety of circumstances may justify a district court stay pending the resolution of a related case in another court." Ortega Trujillo v. Conover & Co. Commc'ns, 221 F.3d 1262, 1264 (11th Cir. 2000). For example, a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 117 (1997). Here, Moncla's reply provides several reasons why a stay would be appropriate. "A stay would preserve judicial resources, avoid inconsistent rulings, and protect the mediated settlement pending the Bankruptcy Court's adjudication of the Emergency Stay Motion and the Rule 9019 Motion." (Doc. 23 at 22). "The key point is that the Bankruptcy Court is actively resolving the very issues central to this case, whether Plaintiffs' claims are property of the estate and whether their continued prosecution of this action violates the automatic stay." (Id.). Further, Plaintiffs' sur-reply explains that they "do not object to a stay." (Doc. 26-1 at 4 n.2).

Given the parties' agreement on the stay, and the fact that the Bankruptcy Court is actively resolving issues that greatly affect this case and the motion to transfer venue, a stay of this action is warranted. However, "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." Ortega Trujillo, 221 F.3d at 1264. Accordingly, the stay will be temporary, and the parties shall file a joint report (1) informing the Court on the status of the relevant Bankruptcy Case motions and (2) addressing any remaining issues. The Court will then determine whether the

---

[2] In its principal brief, Moncla requested a referral of this action to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(a). (Doc. 9 at 8). However, Plaintiffs' response argues that this Court cannot refer a case to a bankruptcy court in another district under 28 U.S.C. § 157(a), (Doc. 20 at 17), and Moncla's reply acknowledges that Plaintiffs are correct. (Doc. 23 at 21 n.5).

stay needs to be extended. The pending motion to transfer venue, (Doc. 9), will be held in abeyance during the stay.

### III.     Conclusion

The Bankruptcy Court is currently resolving two motions that greatly affect this action and the merits of the pending motion to transfer venue. No party objects to a stay of this action pending the Bankruptcy Court's resolution of those two motions. Accordingly, it is **ORDERED** as follows:

- The motion to transfer venue, (Doc. 9), is **HELD in ABEYANCE**.

- This action is **STAYED until May 29, 2026**.

- The parties are **ORDERED** to file a joint status report **on or before May 22, 2026** (1) informing the Court on the status of the pending Emergency Stay Motion and the Rule 9019 Motion in the Bankruptcy Court and (2) addressing any remaining issues.

**DONE** and **ORDERED** this the **31st** day of **March 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

7